## Baer v. City of Chester

*Samuel M. Tollen* and *H. Weston Tomlinson,* for plaintiffs.

*Lawrence H. Jacobson,* for defendants.

DIGGINS, J., February 3, 1965.—By stipulation of fact filed in this case by counsel involved, it appears that plaintiffs are the owners of certain real estate located in the City of Chester. The assessments for tax purposes on these properties were increased as of 1964, and notices of such increases in assessments were sent to the owners at the addresses recorded in the office of the city engineer. This action is an effort by plaintiffs, Aaron Baer and Victoria Baer, his sister, to have these assessments reduced.

The facts are that plaintiffs are children of Louis Baer and his wife; Louis died many years ago, and his wife, the mother of these plaintiffs, died in 1962, and plaintiffs herein inherited these properties. Plaintiff Aaron, after the death of his mother in 1962, notified the *tax collector's office* that tax bills were to be sent to him at his home in Chester. Thereafter, the bills were sent to that address, but were made out in the name of Louis Baer, deceased father of plaintiffs. Receipt of these bills in this form is acknowledged on the record.

The record further shows that Aaron Baer informed the postal authorities at Chester that all mail addressed to the parents at their former address was to be forwarded to his address. The first notice that plaintiffs had that the 1964 assessment on these properties had been changed was when they received the 1964 city tax bill in March 1964.

The difficulty here arises by reason of the fact that the City of Chester, pursuant to an enabling act, adopted an ordinance many years ago requiring formal registration in the city engineer's office of all changes in the title ownership of property within the city, and deed registration forms for this purpose are available;

and the practice under the ordinance is that these registration forms are to be filed, whether the property is acquired by deed, or by inheritance, or gift, or however. Had this ordinance been complied with, then, the records in the city engineer's office, which are the records relied upon by the city assessor, would have shown plaintiffs as the owner, and the assessment notice would have been received and an appeal therefrom could have been perfected in time.

This poses the distinct and specific issue before this court. Under these circumstances, someone must suffer, either these plaintiffs or the municipality. It should not, in this case, be the municipality. Responsibility of knowing the law and procedure is upon the owner, and if he fails to follow it, he does so at his peril. Since, therefore, plaintiffs herein are definitely at fault, they must accept the situation as they now find it.

This requirement for registration in the city engineer's office is necessary for the orderly conduct of the business of a busy metropolitan area, and was designed to prevent such happenings as presented in this case. It was for the benefit of owners of real estate, as well as to have the assessment records of the city current, so far as owners are concerned, and force and effect must be given to this legislation if it is to accomplish its purpose. It is also to be noted that under the Third Class City Law of June 23, 1931, P. L. 932, as reenacted and revised by the Act of June 28, 1951, P. L. 662, sec. 2510, 53 PS §37510 the legislature has provided that "Where any city has established a registry of real estate by law, the assessor shall have the right to obtain from the official in charge of said registry such information as to the registered owners of real estate as said department is able to furnish, and under such rules and regulations as shall be established by the ordinance of council".

It is to be noted further that notices of changes in

assessment on the subject properties of this suit were sent to the owners of record, as reflected in the office of the city engineer, and all such properties were registered under the name of Louis Baer, with his address; though the record shows that the postal authorities had directions to forward mail so addressed to Aaron Baer, one of plaintiffs, these notices were never returned by the postal authorities to the office of the city assessor. Also, the subject properties were covered by proper deed registration forms filed in the office of the city engineer on July 24, 1914, with the exception of one property, wherein the registration forms were filed on October 10, 1921.

Technically, the matter is before the court on a motion for judgment on the pleadings filed by plaintiffs. However, by stipulation to be supplied to this record, in accordance with the statement of counsel at the time of argument, this matter is to be disposed of in this adjudication and decree on the merits. And, therefore, we make the following

### DECREE NISI

And now, to wit, February 3, 1965, upon consideration of the pleadings filed in the above-captioned matter, as well as the stipulation of fact filed of record in the nature of a case stated, and it appearing that counsel for the respective parties hereto have agreed that all issues presented shall be determined by the court on the basis of the aforesaid stipulation of fact, and after argument and consideration of the supporting briefs filed by counsel for the respective parties, it is ordered, adjudged and decreed that plaintiffs' complaint in equity be and the same is hereby dismissed, and judgment is herewith entered for defendants.

### ORDER

The prothonotary is directed to give notice immediately to the parties or their attorneys of record of the

filing of the above decree nisi, and, if no exceptions be filed thereto within 20 days after service of such notice, to enter, upon praecipe, the decree nisi as a final decree.